SCOTT *vs.* W. & C. GRANT.

Where a defendant in a suit, upon a contract, has been discharged under the bankrupt act after answer, or subsequent to the taking of the bill as confessed against him, it is a matter of course to permit him to put in an answer, setting up that defence, unless the complainant will stipulate to take no personal decree against him or his subsequently acquired property ; or unless it is alleged that the discharge has been obtained by fraud.
But where the complainant swears to his belief that the discharge was fraudulent, and that he intends to contest its validity on that ground, the court

1843.

Scott
v.
Grant.

November 24.

will require the defendant to bring forward such new defence to the suit by a cross bill; to enable the complainant in the orignal suit to set up the alleged fraud, by his answer to such cross bill.

This was an application by W. Grant, one of the defendants who had already answered the bill, for leave to put in a new answer, setting up a discharge which he had subsequently obtained under the bankrupt act. An affidavit of the complainant was read, in opposition to the motion, stating that the discharge had been obtained by fraud, and that he intended to contest the validity of the discharge on that ground.

*A. Taber*, for the complainant.

*A. Sheldon*, for the defendant.

The CHANCELLOR said, that it was a matter of course to permit a defendant who had been discharged from the debt after the bill had been taken as confessed against him, or subsequent to the putting in of his answer, to put in an answer in the nature of a plea puis darrein continuance, setting up that defence, unless the complainant would stipulate to take no personal decree against the bankrupt or his subsequently acquired property, or consent to dismiss his bill without costs; or unless there was an allegation that the discharge was obtained by fraud.

But he said that where the complainant, as in this case, swore to his belief that the discharge was fraudulent, and that he intended to contest its validity on that ground, the proper course was to authorize the defendant to bring forward such defence by a cross bill; and thereby to give the complainant in the original bill an opportunity to set up the fraud, by the answer to such cross bill. He therefore gave to the defendant forty days to file his cross bill, setting up such defence, and ordered the proceeding in the suit to be stayed in the mean time.